Central Warp Co., Inc.
vs                           No. 57045
Carl Salathe
RESCRIPT
April 22, 1927

CAPOTOSTO, J.  In an action of assumpsit the jury returned a verdict of $2422.50 in favor of the plaintiff. The defendant moves for a new trial, stressing the claim that the verdict is against the evidence.

Bernard F. Kelly, John E. McGinniss and Mr. McGinniss' daughter, Mabel Makant, were the only parties interested in the Central Warp Co., Inc. Their general appearance while in court left the impression of a small family group of limited education trying to carry on a modest business under a pretentious corporate name.

The defendant by his varied employments and general course of conduct stamped himself as a man with a keen mind whenever alertness was necessary for his immediate benefit.

The chief controversy centers around the question as to whether the sum of $2000 given by the plaintiff to the defendant was a loan or whether it was an advance made in a joint enterprise. The subject matter involved in the transaction consisted of 108 looms, wth parts, which were stored in the City of Pawtucket and on the market for sale. The plaintiff claims that after the defendant had assured him that he, the defendant, could turn the looms into cash within a few days after their purchase, it was agreed that

the plaintiff would advance the sum of $2000 in a joint venture; that the defendant was to purchase the looms and immediately dispose of them as he promised and that the profits coming from the transaction should be divided in a given way. The plaintiff further says that at the time this contract was entered into, the defendant, to show his good faith, insisted that the plaintiff take a note for $2500 for 15 days and that such a note, which represented the money put in by the plaintiff, plus an agreed share of the profits, was in fact accepted by the plaintiff in pursuance of the defendant's request.

The defendant, on the other hand, insists that the transaction was nothing but a pure loan. His claim is that the plaintiff let him have the money for 15 days. that the plaintiff demanded and received a note for $2500, and that the $500 in addition to the $2000 loan was interest and not a share of the prospective gain.

The relation of the respective parties, what was said and done, where and when they dealt with each other, were matters which were minutely investigated by both sides. The conflicting testimony, which naturally resulted, was submitted to a jury of more than the average intelligence, and it decided the issue in favor of the plaintiff.

At the trial and again in arguing his motion for a new trial, the defendant by direct statement and innuendo accused the plaintiff with dishonestly changing the basis of his claim after new and associate counsel had appeared in his behalf.

The action was commenced by writ, dated May 31, 1923. On June 28, 1923, the plaintiff, through his attorney, Michael F. Costello, filed a declaration in two counts, the first declaring on a promissory note, the second claiming redress under the common counts.

After a number of continuances, plaintiff engaged John H. Slattery as associate counsel. Mr. Slattery thereafter, on April 4, 1925, secured permission to amend the original declaration by substituting for the first count of the declaration then on file a count setting forth the agreement upon which the plaintiff now relies. Mr. Costello, as a witness for the plaintiff, described the circumstances under which he happened to file the declaration which he did. His testimony in effect was that on learning from his client that a promissory note was involved, he immediately issued process of attachment without going into full details; that when he began to prepare for trial and had all the papers before him, he for the first time appreciated what the real transaction was and that at that time Mr. Slattery's name was suggested to his client and Mr. Slattery retained as associate counsel.

The plaintiff introduced in evidence copies of two letters claimed to have been written to the defendant (Plaintiff's Exhibits 2 and 4), the originals of which the defendant denies receiving. The defendant also insists that these copies are false and manufactured long after the suit was brought for the specific purpose of avoiding the defence of usury.

The letters, while making use of the words "loan" and "loaned" when referring to the plaintiff's $2000, also referred to the payment of an additional sum which was to be paid to the plaintiff out of the profits which the defendant expected to make in the transaction.

According to the plaintiff, these letters were written months before suit was brought. According to the defendant, these letters are nothing but subterfuges and concocted to meet the amended declaration.

As between immediate parties the circumstances surrounding the giving of a note may be shown by independent evidence. Although a note may appear upon its face to be unconditional, it can be shown that it was

given as a part of some contract or agreement.

Hyman vs. Loparte, 43 R. I. 271.

The claim of the defendant that the transaction was nothing but a loan at a usurious rate of interest was fully argued to the jury. If counsel for the defendant is going to base his conclusion, in part at least, upon a suspicion of others, he might reflect whether or not the defendant perhaps had some improper ulterior motive of his own when he, according to the plaintiff's claim, suggested the conditions and urged the acceptance of the particular note in question.

The defendant's explanation of his connection with those who possessed the looms, how he came to be a favored purchaser, and why it was that any special consideration was shown to him when proceedings for the protection of general creditors were in existence, leaves a feeling of doubt as to what really had happened between the defendant and some nebulous third parties with reference to the looms in question.

After all is said and done, the case simmers down to the question of veracity between the parties involved. This Court finds that the jury, after a comprehensive review of all the evidence, was justified in deciding that the transaction was a joint venture and not a loan. The defendant, after the making of the agreement in question, immediately began to depart from its stipulated conditions. The quick sale of all the looms which he formerly had talked about did not materialize. Looms singly and in small lots were disposed of by him in a desultory manner and upon terms satisfactory to himself, while a certain number of looms found their way into a manufacturing plant in which he is now personally interested. The remonstrances and demands of the plaintiff remained unheeded. Under these circumstances the plaintiff had a right to rescind the contract and recover the money advanced for the common undertaking. The jury's verdict apparently and properly gives the plaintiff this $2000 with accrued interest.

Motion for a new trial denied.

For Plaintiff: John H. Slattery, Michael F. Costello.

For Defendant: Julius Ousley.